IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CANAL STREET FILMS,** | : |
| **Plaintiff** | : Civil No. 1:13-CV-0999 |
| v. | : |
| **DOES 1-22,** | : |
| **Defendants** | : Judge Sylvia H. Rambo |

### **M E M O R A N D U M**

In this internet copyright infringement action, Plaintiff claims that 22 John Doe Defendants used a file-sharing network to infringe Plaintiff's copyrighted motion picture. (Doc. 1.) Presently before the court is Plaintiff's *ex parte* motion for expedited discovery. (Doc. 4.) Plaintiff seeks to serve third-party subpoenas on internet service providers ("ISPs") identified by a forensic investigator in order to obtain the names and addresses of the unidentified defendants, which are associated with identified Internet Protocol ("IP") addresses that allegedly were used to illegally copy and distribute Plaintiff's copyrighted work. (*See* Doc. 4.) For the following reasons, Plaintiff's motion to conduct expedited discovery with respect to the IP addresses identified in Exhibit A (Doc. 1-2, p. 5 of 5) to the complaint will be granted, subject to the restrictions set forth in the court's order.

### **I.    Background**

Plaintiff, Canal Street Films, is a film maker and motion picture copyright holder that is responsible for the production of the commercially released motion picture titled *Scary or Die* (the "Motion Picture"). (Doc. 1, ¶¶ 8-9.) Plaintiff asserts the following facts in its complaint and motion for expedited discovery (Doc.

4) and brief in support thereof (Doc. 5). The court accepts the averments as true for purposes of this motion, without making any findings of fact.

Plaintiff claims that the 22 John Doe Defendants set forth in its complaint used the BitTorrent protocol to infringe on its exclusive rights by copying, reproducing, and redistributing the Motion Picture, for which Plaintiff holds a registered copyright. (Doc. 1, ¶ 31; Doc. 1-3, Exhibit B.) By way of background, BitTorrent is a common peer-to-peer file sharing protocol that allows users to distribute large amounts of data over the internet. (Doc. 1, ¶ 18.) The BitTorrent protocol allows an individual user to copy a digital file from another user via download, and in turn, distribute the file to other users via upload. (*Id.* at ¶¶ 18-24.) For the file to be placed on the protocol, a user initially uploads a new file, such as a motion picture, called a "seed," which BitTorrent breaks up into multiple "pieces." (*Id.* at ¶ 18.) The BitTorrent protocol allows many users to join on the network, known as a "swarm," to download different pieces of the initial seed file from each other. (*Id.* at ¶¶ 18-20.) Although the individual user does not display his or her name while using BitTorrent, individuals who participate in a swarm expose the IP address they are using when downloading or sharing a file. (*See* Doc. 1, ¶ 23; *see also* Doc. 1-2, Exhibit A.) Once a user has downloaded all the pieces of the file, BitTorrent uses a unique identifier on each piece, known as a "hash"or "hash value," to reassemble the pieces into a complete file so the user can play the downloaded file. (Doc. 1, ¶ 21.)

Plaintiff engaged IP Squared Technologies Holding ("IPSTH"), a forensic investigator, to identify direct infringers of its copyrighted Motion Picture. (*Id.* at ¶ 26, Doc. 1-2.) Utilizing forensic software, IPSTH determined that 22 users,

the John Doe Defendants in this matter, copied the same piece, which was identified by the unique hash value, of Plaintiff's Motion Picture by using the BitTorrent protocol. (Doc. 1, ¶ 28; Doc. 1-2, Exhibit A.) In other words, each of the individual John Doe Defendants in this action, identified only by his or her IP address listed in Exhibit A to the complaint, allegedly participated in the same BitTorrent swarm to obtain a copy of Plaintiff's audiovisual work, or at least a portion thereof. (*See generally* Doc. 1.) IPSTH's software uses "geolocation functionality," which traced the identified IP addresses to geographic areas purportedly within the Middle District of Pennsylvania. (Doc. 1-2, ¶ 13.)[1] Plaintiff alleges it did not authorize or consent to any of the John Doe Defendants' reproduction or redistribution of the work. (Doc. 1, ¶¶ 31, 39.) Plaintiff's complaint asserts that the John Doe Defendants' aforementioned conduct constitutes direct copyright infringement (Count I), and contributory copyright infringement (Count II).

On April 19, 2013, two days after Plaintiff initiated the action against John Does 1-22, identifying them by their IP addresses as set forth in Exhibit A of its complaint (Doc. 1-2), Plaintiff filed the instant *ex parte* motion for expedited discovery, seeking leave to serve a subpoena upon the ISPs associated with each IP that was identified by IPSTH. (Docs. 4 & 5.) In its motion, Plaintiff asserts that only the ISPs are able to determine the identity of the John Doe Defendants in this action, as the ISPs have the billing information for each account holder associated

---

[1] In situations where a plaintiff files suit against then unnamed defendants, courts have accepted IP addresses as establishing a prima facie case of personal jurisdiction. *Malibu Media, LLC v. John Does 1-15*, Civ. No. 12-cv-2077, 2012 WL 3089383, *10 (E.D. Pa. July 30, 2012) (citations omitted). Plaintiff's factual assertion as to the location of each John Doe Defendant at the time of the alleged infringement establishes personal jurisdiction for purposes of the pending motion. Should the ISPs or any John Doe Defendants make a showing contrary to this assertion, the court will reexamine the issue of personal jurisdiction.

with each IP address. (Doc. 4, ¶ 6.) Moreover, the declaration of William Gorfein, President of IPSTH, states that "many ISPs only retain for a very limited amount of time the information necessary to correlate an IP address to a particular subscriber" (Doc. 4-1, ¶ 6) and thus, there appears to be a risk of inadvertent destruction of the information.

## II.     **Legal Standard**

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).[2] Fed. R. Civ. P. 26(d)(1). However, courts have broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery. *See id.*

District courts in the Third Circuit have applied two standards when considering motions for expedited discovery, namely an injunctive relief standard[3] and a good cause standard. *See Leone v. Towanda Borough*, Civ. No. 12-CV-0429, 2012 WL 1123958, *2 (M.D. Pa. Apr. 4, 2012) (citing *Kone Corp. v. Thyssenkrupp USA, Inc.*, Civ. No. 11-CV-0465, 2011 WL 4478477, *3 (D. Del. Sept. 26, 2011)). As noted by the *Leone* Court, the Third Circuit has not yet adapted a clear standard, however, the recent trend among courts in this circuit favors the "good cause" or

---

[2] Federal Rule of Civil Procedure 26(f) provides that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Parties need not await the scheduling of a Rule 16 conference before holding a Rule 26(f) conference.

[3] The injunctive relief standard is more stringent and requires the moving party to demonstrate: (1) irreparable injury; (2) some probability of success on he merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury that the defendant will suffer if the expedited relief is granted. *Gucci Am., Inc. v. Daffy's Inc.*, Civ. No. 00-CV-4463, 2000 WL 1720738, *6 (D.N.J. Nov. 14, 2000) (quoting *Notaro v. Koch*, 95 F.R.D. 493, 405 (S.D.N.Y. 1982)).

reasonableness standard. *Id.* Accordingly, the court will apply this standard to Plaintiff's motion.

On ruling on a motion for expedited discovery, the court should consider the "entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Modern Woman, LLC v. Does 1-X*, Civ. No. 12-CV-04858, 2013 WL 888603, *2 (D.N.J. Feb. 27, 2013) (citing *Better Packages, Inc. v. Zheng*, Civ. No. 05-CV-4477, 2006 WL 1373055, *2 (D.N.J. May 17, 2006)). Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant. *Leone*, 2012 WL 1123958 at *2; *Fonovisa, Inc. v. Does 1-9*, Civ. No. 07-CV-1515, 2008 WL 919701, *10 n. 22 (W.D. Pa. Apr. 3, 2008) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

**III.**     **Discussion**

The reasonableness standard requires the court to consider the "actual circumstances of this case, as well as . . . certain factors such as . . . the need for discovery, and the breadth of the moving party's discovery requests." *Kone Corp.*, 2011 WL 4478477 at *6 (quoting *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004)). In the matter *sub judice*, the actual circumstances favor expedited discovery and satisfy the reasonableness standard.

For purposes of the instant motion, Plaintiff asserts a *prima facie* claim of copyright infringement.[4] Moreover, it is clear from the circumstances present here that Plaintiff has no way to identify the alleged infringers, apart from serving subpoenas on the ISPs. Accordingly, without granting the pending motion, Plaintiff can neither identify nor serve the John Doe Defendants, and this action cannot proceed. Furthermore, Plaintiff asserts that, because the protocol does not have a central server, the only way Plaintiff can prevent the continued illegal reproduction and distribution of its work is to take legal action. (Doc. 1, ¶ 24.) Thus, identifying and serving the alleged infringers is the only method through which Plaintiff can protect its copyright interests. Finally, the expedited discovery requested relates to serving subpoenas upon third parties to gather the John Doe Defendants' account information for the purpose of properly identifying the alleged infringers and serving the complaint. Thus, Plaintiff's expedited discovery request does not appear overbroad.

Although the court concludes that the request for expedited discovery is reasonable under the circumstances, in light of the unavoidable *ex parte* nature of such a request, the court finds it prudent to incorporate some protections to avoid any unintended consequences of the disclosure of the John Doe Defendants' information. Other district courts have expressed similar concerns, and have

---

[4] "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 548 (1985)). Here, Plaintiff satisfies both elements. First, Plaintiff attached to its complaint a Certificate of Registration evidencing that a valid copyright exists for the Motion Picture. (Doc. 1-3, Exhibit B.) In addition, Plaintiff asserts that each John Doe Defendant, through the use of BitTorrent, illegally copied, reproduced, and distributed the Motion Picture. (Doc. 1, ¶ 31.) Therefore, the court finds that Plaintiff has adequately set forth a *prima facie* claim of copyright infringement for purposes of the motion *sub judice*. *See Malibu Media,* 2012 WL 3089383 at *7.

incorporated conditions intended to curtail unfettered expedited discovery in similar copyright infringement actions. *See, e.g., Vision Films, Inc. v. John Does 1-24*, Civ. No. 12-CV-1746, 2013 WL 1163988, *5-6 (D. Del. Mar. 20, 2013) (citing *Digital Sin v. Does 1-176*, 279 F.R.D. 239, 244-45 (S.D.N.Y. 2012)). Accordingly, the court will grant Plaintiff's motion, subject to the conditions set forth in the accompanying order.

## IV. Conclusion

For the foregoing reasons, the court finds that Plaintiff has established a *prima facie* claim for copyright infringement for purposes of the instant motion, and that Plaintiff is unable to identify the John Doe Defendants beyond their IP addresses. Moreover, the court finds Plaintiff's request for expedited discovery is narrowly tailored. Accordingly, the court concludes that Plaintiff's request for expedited discovery is reasonable under the circumstances. Therefore, Plaintiff's motion (Doc. 4) will be granted.

An appropriate order will issue.

S/SYLVIA H. RAMBO
United States District Judge

Dated: April 25, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CANAL STREET FILMS,**

    **Plaintiff**

    v.

**DOES 1-22,**

    **Defendants**

Civil No. 1:13-CV-0999

Judge Sylvia H. Rambo

# O R D E R

Upon consideration of Plaintiff's *ex parte* motion for expedited discovery (Doc. 4), and in accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's motion is **GRANTED**, subject to the following conditions:

(1) Plaintiff may immediately serve a Rule 45 subpoena on the ISPs listed in Exhibit A to the complaint (Doc. 1-2, p. 5 of 5) for the purpose of obtaining information necessary to identify John Doe Defendants 1-22, specifically his or her name and address. The subpoena shall have a copy of this order attached;

(2) The ISPs will have 30 days from the date of service of the Rule 45 subpoena to serve John Doe Defendants 1-22 with a copy of the subpoena and a copy of this order. The ISPs may serve John Doe Defendants 1-22 using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

(3) John Doe Defendants 1-22 shall have 30 days from the date of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena). The ISPs may not turn over the John Doe Defendants' identifying information to Plaintiff before the expiration of this 30-day period. Additionally, if a Defendant or ISP files a motion

to quash the subpoena, the ISPs shall not produce any information to Plaintiff until the issues have been addressed and the court issues an order instructing the ISPs to resume production of the requested discovery;

(4) If the 30-day period lapses without a John Doe Defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A John Doe Defendant or ISP who moves to quash or modify the subpoena, shall, at the same time as her or his filing, also notify all ISPs so that the ISPs are on notice not to release any of that John Doe Defendant's contact information to Plaintiff until the court rules on any such motions;

(5) The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

(6) Any ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff;

(7) Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

S/SYLVIA H. RAMBO
United States District Judge

Dated: April 25, 2013.